UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

PATRICK STERLING,

                                  Plaintiff,

           -against-

P.O. JOHN ALBERGO, P.O. ROBERT GALGANO,
And COUNTY OF NASSAU,

                           Defendants.

--------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 23 2018 ★

**BROOKLYN OFFICE**

**COMPLAINT**

**CV 18 - 0485**
CV. No.: _____

(Jury Trial Demanded
of all issues)

       The Plaintiff PATRICK STERLING, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

2.    Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3.    Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 (a) with respect to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

**4.**     The plaintiff PATRICK STERLING, at all times hereinafter mentioned, was and still is a resident of the State of New York.

**5.**     That upon information and belief the defendants P.O. JOHN ALBERGO and P.O. ROBRT GALGANO at all times hereinafter mentioned were police officers employed by the Defendant COUNTY OF NASSAU, who were acting within the scope of their employment as police officers and were acting under the direction, supervision, authority and control of the Defendant COUNTY OF NASSAU, its supervisors, agents, servants, and employees.

**6**.     Defendant COUNTY OF NASSAU is a County of the State of New York, duly organized as a governmental entity and existing by virtue of the law of the State of New York that maintains a police department known as the Nassau County Police Department.

## FACTUAL ALLEGATIONS

**7.**     That on or about December 31, 2016 the Plaintiff was inside a bar and restaurant known as Café Moments located at 784 Elmont Road, Elmont, County of Nassau, State of New York.

**8.**     That at the aforesaid time and place Plaintiff was acting as manager of the premises which was licensed to sell alcoholic beverages pursuant to the New York State Alcohol and Beverage Control Law.

**9.**     After the premises was closed for business, sometime before 4:00 A.M. Plaintiff was informed that gunshots were heard somewhere outside and that the police had been called. Plaintiff also called the police to report the incident.

**10.**     Shortly thereafter police officers from the Nassau County Police Department responded to the premises and conducted a search of all present except security personnel. The Plaintiff was then handcuffed and placed under arrest by the Defendants GALGANO and ALBERGO, their servants, agents and or employees.

**11.**     That the Defendant was detained at the Fifth precinct and held in a jail cell. The Defendants refused to inform Plaintiff of the reason for his arrest.

**12.**     Plaintiff was released on or about 10:30 A.M. and given a appearance ticket to appear in Nassau County District Court.

**13.**     That on or about January 19, 2017 Plaintiff was arraigned in Nassau County District Court on the misdemeanor charge of disorderly licensed premises in violation of New York Alcoholic and Beverage Law section 106.6 which provides that "No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly". The Plaintiff was not the liquor licensee of the premises and the defendant's knew full well that he was not a licensee for the premises.

**14.**     The accusatory instrument upon which Plaintiff was arraigned and subsequently prosecuted alleged that on or about December 31, 2016 at about 3:50 A.M. Patrick Sterling, manager of Café Moments, permitted the premises to become disorderly by failing to exercise reasonable diligence in supervision by permitting patrons to possess firearms and firing weapons at the premises.

**15.**     The information filed by Defendants was supported by a supporting deposition made by a Shayne White who was a security guard at the premises and provided as follows:   "On the 31st day of December 2016 at about 3:50 A.M. I was working as the bouncer at Moments Café located at 784 Elmont Road, Elmont. I am a duly licensed security guard. It was at this time I began ushering a large group of People out of the club and out the back door. Once outside the same group of people from inside the club started getting together just to the left of the back of the club. I couldn't see exactly what they were doing, but it was at this time a scuffle ensued and I heard what I believe to be three gunshots from that same group. I quickly ran back into the club, and waited for police

arrival. I did not see what direction that group went it(sic) after the shots they were however all patrons in the club tonight".

16.    The accusatory information was made and subscribed by Defendant P.O. John D. Albergo.

17.    That as a result of the false allegations made against the Plaintiff by Defendants, Plaintiff was prosecuted in the Nassau County District Court and had to procure the services of an attorney and attend several court proceedings until the charge was dismissed by the court on October 13, 2017.

18.    That the charge made by the Defendants against Plaintiff was dismissed by the court on the grounds that the accusatory instrument was facially insufficient, which constituted an adjudication on the merits.

## FIRST CLAIM FOR RELIEF

19.    The plaintiff incorporates by reference each of the preceding paragraphs of this complaint as though set forth at length herein.

20.    At all times mentioned herein the Defendants P.O. JOHN ALBERGO and P.O. ROBERT GALGANO, acting under the color of state law in their capacities as police officers and within the scope of such employment by the Defendant COUNTY OF NASSAU.

21.    That the aforesaid arrest and detention of the plaintiff by the defendants was without any reasonable cause or belief that the defendant was in fact guilty of the offense with which he was charged. That the Defendants knew or should have known that Plaintiff was wholly innocent of the charges made against him.

22.    That defendants, their agents, servants and or employees falsely arrested and illegally arrested and imprisoned plaintiff and subjected Plaintiff to confinement which Plaintiff was conscious of and was not consented to by Plaintiff, and was not otherwise privileged.

**23.**     That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees,  plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the united States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

**24.**     That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

## SECOND CLAIM FOR RELIEF

**25.**     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**26.**     That commencing on or about January 19, 2017 the Defendants, their agents, servants and or employees wickedly and maliciously prosecuted Plaintiff without any reasonable, just or lawful grounds therefor, upon the charge of disorderly premises in violation of New York A.B.C. law 106.6.

**27.**     The Plaintiff was and is wholly innocent of the charge made against him but was forced to submit to criminal prosecution proceedings in the District Court of the County of Nassau.

**28.**     The charges against Plaintiff was instituted and procured without reasonable and probable cause, and the commencement and continuation of the criminal proceedings against Plaintiff was with malice and said charges were terminated in favor of the Plaintiff.

**29.**     That by reason of said unlawful and malicious prosecution, Plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, injury to his reputation, and was otherwise damaged.

## THIRD CLAIM FOR RELIEF

**30.**     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**31.**     The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## FOURTH CLAIM FOR RELIEF

**32.**     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**33.**     That the Defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission to:

(a)     Failed to perform their duties as a reasonable prudent police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

(b)     Hired and retained incompetent and unfit police officers whom they knew or should have known possessed aggressive properties and a lack of proper temperament.

(c)     Failed to exercise care instructing police officers as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

(d)     Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens.

(e)     Failed to establish meaningful procedures for disciplining or re-training officers who have engaged in such misconduct including officers who have been the subject of police misconduct claims

**34.**     That upon information and belief, all the acts by the individual defendant was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant COUNTY OF NASSAU.

**35.**     That upon information and belief the defendant CITY OF NASSAU by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue.

**36.**     That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages of police officers employed by defendant COUNTY OF NASSAU.

**37.**     Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the COUNTY OF NASSAU have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the County of Nassau.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants.

A.     Compensatory damages

B.     Punitive damages

C.     Attorney's fees together with costs and interest.

D.     Such other and further relief as to the Court seems just and equitable.

Dated: South Hempstead, New York
      January 11, 2018

**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575

**UNITED STATES DISRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PATRICK STERLING,

**Plaintiff,**

      -against-

P.O. JOHN ALBERGO, ET AL.,

**Defendants.**

**SUMMONS AND COMPLAINT**

**GARNETT H. SULLIVAN**
ATTORNEY AT LAW
*Attorney for*     **Plaintiff**
*Office and Post Office Address, Telephone*
**1080 GRAND AVENUE, SUITE 200**
**SOUTH HEMPSTEAD, NEW YORK 11550**
**(516) 285-575/ (718) 528-6162**
**Fax: (516) 285-1608**

**To**

**Attorney(s) for**

**Service of a copy of the within**                                             **is hereby admitted.**

**Dated,**
      **Attorney(s) for**                                             ................................

Please take notice
☐ *NOTICE OF ENTRY*
That the within is a (certified) true copy of a
Duly entered in the office of the clerk of the within named court on                                             20
☐ *NOTICE OF SETTLEMENT*
That an order                                             of which the within is a true copy will be presented for
Settlement to the HON.                                             One of the judges
Of the within named court, at
On the                          day of                          20  at          M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1, 1-a
To the best of the undersigned's knowledge, information and belief formed                              Yours, etc.
After an inquiry reasonable under the circumstances, the within document(s)          **GARNETT H. SULLIVAN, ESQ.**
And contentions contained herein are not frivolous as defined in 22 NYCRR          Attorney for
§130-1, 1-a                                                  **1080 GRAND AVENEU**
                                                            **SOUTH HEMPSTEAD, NEW YORK 11550**
                    _____          **(516)285-1575**
To                                                          **FAX: (516) 285-1608**

Attorney(s) for